12 and 13 against confiscation if it is not for the benefit of the owner of those minerals?

In the case at bar, Pickens & Coffield conveyed by release a part of the minerals, and this was valid. Why is it not a just result for the law to require them and others so conveying to honor their conveyance?

The apparently simple solution adopted by the majority is too simple, is contrary to the theory of ownership in place, and is an actual adoption of the fugacious theory of other states. It will work a very unfair and harsh result, will put the Railroad Commission to arbitrary decisions, will operate to confiscate the oil of Ryan without payment, and will give that oil to Pickens & Coffield in derogation of their conveyance of that very oil. I would remand for an equitable accounting.

HICKMAN, C. J., and GARWOOD, J., join in this dissent.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is assault with intent to murder; the punishment, two years in the state penitentiary.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.